# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EDUARDO QUINTANILLA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-14-818-R ) |
| MICHAEL MADDALONI, | ) ) |
| Defendant. | ) ) |

## REPORT AND RECOMMENDATION

Plaintiff Eduardo Quintanilla, appearing pro se and proceeding *in forma pauperis*, brings this action under 42 U.S.C. § 1983. United States District Judge David L. Russell has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b). Having reviewed Plaintiff's Complaint (Doc. No. 1), the undersigned recommends that it be dismissed without prejudice for lack of subject matter jurisdiction and that Plaintiff's accompanying motion to compel discovery from a non-party (Doc. No. 3) be denied as moot.

## BACKGROUND

When Plaintiff filed this action on August 4, 2014, he was a federal prisoner, incarcerated at Three Rivers Federal Correctional Institution in Three Rivers, Texas. *See* Compl., Doc. No. 1, at 1. According to a Federal Bureau of Prisons public website, Plaintiff was released from federal custody on September 19, 2014. *Inmate Locator*, Fed. Bureau of Prisons, http://www.bop.gov/inmateloc (last visited Sept. 22, 2014) (searching BOP Reg. No. 96059-279). To date, Plaintiff has not filed a change of address with this

Court. *See* LCvR 5.4(a) (requiring pro se litigant to file notice of change of address with Court).

In his Complaint, Plaintiff asserts claims against an attorney that he had privately retained, alleging fraud and misconduct in the course of a state court proceeding in Michigan. *See* Compl. at 1, 2. Plaintiff and Defendant are both described as citizens of Michigan. *Id.* at 1. Plaintiff asserts that Defendant was retained in October 2013 "to remove a detainer so [Plaintiff] would not have to return to the State of Michigan upon expir[ation] [of his] Federal Sentence." *Id.* at 2. Plaintiff further asserts that Defendant "guaranteed that [Plaintiff's] detainer would be removed in exchange for $1,200," which Plaintiff paid. *Id.* Plaintiff alleges that Defendant did not deliver the guaranteed result, and Plaintiff "feel[s] as though [Defendant] committed 'fraud through deception' and violated [Plaintiff's] Sixth Amendment right to counsel[,] entitling [him] to monetary compensation." *See id.* Specifically, Plaintiff seeks a refund of the $1,200 that he paid to Defendant. *Id.* at 2, 5.

Plaintiff separately filed a letter with the Court—titled "RE: Motion for Discovery" (Doc. No. 3)—in which Plaintiff requests recordings or transcriptions of telephone conversations between Plaintiff and Defendant during Plaintiff's temporary incarceration at the Federal Transfer Center in Oklahoma City, Oklahoma, in September 2013.[1] Plaintiff states that such evidence "constitute[s] 'raw material' integral not only to [his] action under 42 U.S.C. § 1983, but to [his] forthcoming action with the Attorney

---

[1] Plaintiff did not separately file a discovery-related motion.

Registration Disciplinary Commission in the State of Michigan" and that without such evidence "[his] defense will be impaired." The undersigned construes this letter as a motion to compel a non-party to produce certain evidence. *See* Fed. R. Civ. P. 34(c), 45; *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991) (stating rule of liberal construction "applies to all proceedings involving a pro se litigant").

ANALYSIS

To bring a case in federal court, the plaintiff must establish the court's subject matter jurisdiction as to each claim presented. A federal district court has original jurisdiction over a claim that presents a federal question—i.e. a claim that arises under federal law. 28 U.S.C. § 1331. Such court also has original jurisdiction over a claim that involves diverse parties, including "citizens of different States," "where the matter in controversy exceeds the sum or value of $75,000." *See id.* § 1332(a)(1). Further, a federal district court may exercise supplemental jurisdiction over a state-law claim when the court has original jurisdiction over another claim in the matter. *See id.* § 1367. As discussed below, the Court lacks subject matter jurisdiction over Plaintiff's claims, thus requiring dismissal of this action. *See* Fed. R. Civ. P. 12(h)(3) (requiring court to dismiss action "at any time" upon determining that subject matter jurisdiction is lacking).

A. *Whether Plaintiff Has Presented a Federal Question*

As noted, Plaintiff brings this action under 42 U.S.C. § 1983. This federal statute permits a plaintiff to bring a claim against an individual who deprived the plaintiff of a federal right while acting under color of state law. *See* 42 U.S.C. § 1983. Here, Plaintiff asserts that Defendant deprived him of his right to counsel under the Sixth Amendment to

the United States Constitution. *See* Compl. at 2. However, Plaintiff does not establish that Defendant, a privately-retained attorney in a state court matter, was acting under color of state law, and, generally, such a claim cannot be established against such an individual because no state action is implicated. *E.g.*, *Anderson v. Byars*, 505 F. Supp. 32, 32-34 (W.D. Okla. 1980); *Evans v. Ambrosio*, No. 91-3159-R, 1991 WL 105198, at *1 (D. Kan. May 31, 1991). Thus, Plaintiff has failed to state a claim upon which relief may be granted under § 1983, and this claim is subject to dismissal accordingly. *See* 42 U.S.C. § 1915(e)(2) (permitting sua sponte dismissal of any claim that fails to state a claim upon which relief may be granted when brought by individual proceeding *in forma pauperis*).

Plaintiff's other claim against Defendant—i.e., that Defendant committed "fraud through deception"—would appear to be based on the law of the state where the representation was made and, regardless, is not clearly premised on any federal law. Because neither of Plaintiff's claims satisfies the criteria for presenting a federal question, the Court does not have subject matter jurisdiction over this action under 28 U.S.C. § 1331.

B. *Whether Plaintiff Has Established Diversity Jurisdiction*

As noted, to invoke the federal district court's original jurisdiction under 28 U.S.C. § 1332(a), the parties must be diverse and the amount in controversy must exceed $75,000. Here, neither criterion is satisfied. Both parties are described as citizens of the same state—i.e. Michigan—and, thus, are not diverse. *See* Compl. at 1; 28 U.S.C. § 1332(a)(1). Further, the amount in controversy is only $1,200, which is far less than the

requisite amount for diversity jurisdiction. *See* Compl. at 2, 5; 28 U.S.C. § 1332(a). Thus, the Court does not have subject matter jurisdiction over this action under 28 U.S.C. § 1332(a).[2]

RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Plaintiff's Complaint (Doc. No. 1) be dismissed without prejudice because the Court lacks subject matter jurisdiction over the claims in this action. The undersigned further recommends that Plaintiff's motion to compel discovery from a non-party (Doc. No. 3) be denied as moot.

NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by October 21, 2014, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

---

[2] Because the Court lacks original jurisdiction over both claims in this action, the question of whether the Court may exercise supplemental jurisdiction over any state-law claim is inapplicable. *See* 28 U.S.C. § 1367(a).

This Report and Recommendation terminates the referral in the present case.

ENTERED this 30th day of September, 2014.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE